Ross K. Meiners, Esq., #26064
**MEINERS LAW OFFICE, PLC.**
2 E. Congress St., Suite 900
Tucson, Arizona 85701
Tel. (520) 777-2198
Fax (520) 202-7317
ross@meinerslaw.com

**Attorney for Debtors**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>RONALD FLORES and<br>FRANCISCA AIDA FLORES,<br><br>Debtor(s).<br><br>SSN xxx-xx-0513    SSN xxx-xx-0273 | Case No. 4:10-bk-16187-EWH<br><br>**CHAPTER 13 PLAN AND APPLICATION FOR PAYMENT OF ADMINISTRATIVE EXPENSES**<br><br>**X**    **Original**<br>☐    Amended<br>☐    Modified<br><br>☐    Plan includes post-petition mortgage payments |

Your rights may be affected by this Plan. **If you object to the treatment of your claim as proposed in this Plan, you must file a written objection by the deadline set forth in a Notice of Date to File Objections to Plan that was served on parties in interest.** If this is a joint case, then "Debtor" means both Debtors. This plan does not allow claims or affect the timeliness of any claim. To receive payment on an unsecured claim, you must file a proof of claim with the Bankruptcy Court, even if this Plan provides for your debt. Except as provided in § 1323(c), a creditor who disagrees with the proposed treatment of its debt in this Plan must timely file an objection to the Plan.

☐ This is an Amended or Modified Plan. The reasons for filing this Amended or Modified Plan are:_____
_____.

(A)   **Plan Payments and Property to be Submitted to the Plan.**

   (1)   Plan payments start on **June 28, 2010**. The Debtor shall pay the Trustee as follows:

   **$575.00 each month for month 1 through month 56.**

   The proposed plan duration is 56 months. The applicable commitment period is 60 months. Section 1325(b)(4).

   (2)   Debtor will submit the following property in addition to plan payments:   **None**

(B)   **Trustee's Percentage Fee.** Pursuant to 28 U.S.C. § 586(e), the Trustee may collect the percentage fee from all payments and property received, not to exceed 10%.

(C)   **Treatment of Administrative Expenses and Claims.** Except as specified for adequate protection payments under (C)(1) or otherwise ordered by the Court, the Trustee will make disbursements to creditors after the Court confirms this Plan. Unless otherwise provided in Section (J), disbursements by the Trustee shall be pro rata by class (except for adequate protection payments) and made in the following order:

(1) **Adequate protection payments.** Section 1326(a)(1)(C) requires adequate protection payments to be made to creditors secured by personal property. Pursuant to Local Bankruptcy Rule 2084-6, the Trustee is authorized to make preconfirmation adequate protection payments to the following secured creditors without a Court order, provided the claim is properly listed on Schedule D, the creditor files a secured proof of claim that includes documentation evidencing a perfected security agreement, and the debtor or creditor sends a letter to the trustee requesting payment of preconfirmation adequate protection payments. The Trustee will apply adequate protection payments to the creditor's secured claim. After confirmation, unless the Court orders otherwise, adequate protection payments will continue in the same amount until claims to be paid prior to these claimants are paid in full, unless the confirmed plan or a court order specifies a different amount. **If a creditor disagrees with the amount of the proposed adequate protection payments or the plan fails to provide for such payments, the creditor may file an objection to confirmation of this plan, file a motion pursuant to §§ 362, 363, or do both.**

| Creditor | Property Description | Monthly Amount |
|---|---|---|

**None**

❏ See Section (J), Varying Provisions.

(2) **Administrative expenses.** Section 507(a)(2).

    (a) Attorney fees. Debtor's attorney received $1,926.00 before filing. The balance of **$3,324.00 ($2,074.00 original plan, $1,250.00 motions to avoid liens)** or an amount approved by the Court upon application shall be paid by the Trustee. See Section (F) for any fee application.

    (b) Other Administrative Expenses. **None**

❏ See Section (J), Varying Provisions.

(3) **Leases and Unexpired Executory Contracts.** Pursuant to § 1322(b), the Debtor assumes or rejects the following lease or unexpired executory contract. For a lease or executory contract with an arrearage to cure, the arrearage will be cured in the plan payments with regular monthly payments to be paid direct by the Debtor. The arrearage amount to be adjusted to the amount in the creditor's allowed proof of claim.

    (a) Assumed:

| Creditor & Property Description | Estimated Arrearage Amount | Arrearage Through Date |
|---|---|---|

**None**

    (b) Rejected:

| Creditor | Property Description |
|---|---|

**None**

❏ See Section (J), Varying Provisions.

(4) **Claims Secured *Solely* by Security Interest in Real Property.** A creditor identified in this paragraph may mail the Debtor all correspondence, notices, statements, payment coupons, escrow notices and default notices concerning any change to the monthly payment or interest rate without such being a violation of the automatic stay. Unless otherwise stated below, Debtor shall pay post-petition payments directly to the creditor. Prepetition

2

arrearages shall be cured through the Trustee. No interest will be paid on the prepetition arrearage unless otherwise stated. Except as provided in Local Bankruptcy Rule 2084-23 if a creditor gets unconditional stay relief, the actual cure amount to be paid shall be adjusted by the Trustee pursuant to the creditor's *allowed* proof of claim. If the Debtor is surrendering an interest in real property, such provision is in paragraph (E). The Debtor is retaining real property and provides for each such debt as follows:

| Creditor/Servicing Agent & Property Description | Collateral Value & Valuation Method | Post-Petition Mtg Payments | Estimated Arrearage | Arrearage Through |
|---|---|---|---|---|
| **Saxon Mortgage**<br>**1st Deed of Trust**<br>**Debtors' Residence**<br>**7101 W. Prospect Valley Dr.**<br>**Tucson, AZ** | **$184,000.00** | **$ 1,486.00**<br>**Debtor will pay direct to creditor.** | **Current and paid o/s plan** | **n/a** |
| **Saxon Mortgage**<br>**2nd Deed of Trust**<br>**Debtors' Residence** | **$184,000.00** | **See varying provisions #1** | **n/a** | **n/a** |
| **Green Tree Mortgage**<br>**3rd Deed of Trust**<br>**Debtors' Residence** | **$184,000.00** | **See varying provisions #2** | **n/a** | **n/a** |
| **Star Valley HOA**<br>**HOA Dues**<br>**Debtors' Residence** | **$184,000.00** | **See varying provisions #3** | **n/a** | **n/a** |

   **X** See Section (J), Varying Provisions.

(5) ***Claims Secured by Personal Property or a Combination of Real and Personal Property.*** Pursuant to § 1325(a), secured creditors listed below shall be paid the amount shown below as the Amount to be Paid As Secured Claim Under Plan, with such amount paid through the Plan payments. However, if the creditor's proof of claim amount is less than the Amount of Secured Claim to Be Paid Under the Plan, then only the proof of claim amount will be paid. Any adequate protection payments are as provided in Section (C)(1) above. If a creditor fails to file a secured claim or files a wholly unsecured claim, the Debtor may delete the proposed payment of a secured claim in the order confirming plan.

| Creditor & Property Description | Debt Amount | Value of Collateral and Valuation Method | Amount to be Paid On Secured Claim | Interest Rate |
|---|---|---|---|---|
| **None** | | | | |

   ❏ See Section (J), Varying Provisions.

(6) ***Priority, Unsecured Claims.*** All allowed claims entitled to pro rata priority treatment under § 507 shall be paid in full in the following order:

  (a) Unsecured Domestic Support Obligations. The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the plan payments.

| Creditor | | Estimated Arrearage |
|---|---|---|
| **None** | | |

    (b)    Other unsecured priority claims.

| Creditor | Type of Priority Debt | Estimated Amount |
|---|---|---|
| **ADOR** | **2007 State Income Tax** | **$ 4,010.78** |
| **IRS** | **2006, 2007, 2008 Federal Income Tax** | **$ 21,086.39** |

    ❏    See Section (J), Varying Provisions.

(7)    ***Codebtor Claims.***  The following codebtor claim is to be paid per the allowed claim, pro rata before other unsecured, nonpriority claims.

| Creditor | Codebtor Name | Estimated Debt Amount |
|---|---|---|
| **None** | | |

    ❏    See Section (J), Varying Provisions.

(8)    ***Nonpriority, Unsecured Claims.***  Allowed unsecured, nonpriority claims shall be paid pro rata the balance of payments under the Plan.

    ❏    See Section (J), Varying Provisions.

(D)    **Lien Retention.**  Secured creditors shall retain their liens until payment of the underlying debt determined under nonbankruptcy law or upon discharge, whichever occurs first.

(E)    **Surrendered Property.**  Debtor surrenders the following property.  Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered.  Any claim filed by such creditor shall receive **no** distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim.  ***Should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor.***

| Claimant | Property to be surrendered |
|---|---|
| **None** | |

(F)    **Attorney Application for Payment of Attorney Fees.**  Counsel for the Debtor has received a prepetition retainer of $1,926.00, to be applied against fees and costs incurred.  Fees and costs exceeding the retainer shall be paid from funds held by the Chapter 13 Trustee as an administrative expense.

(G)    **Vesting.**  Vesting of property of the estate.  Property of the estate shall vest in the Debtor upon confirmation of the Plan. The following property shall not revest in the Debtor upon confirmation: **None**

    ❏    See Section (J), Varying Provisions.

4

(H) **Tax Returns**. While the case is pending, the Debtor shall provide to the trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: **N/A**

(I) **Funding Shortfall.** Debtor will cure any funding shortfall before the Plan is deemed completed.

(J) **Varying Provisions.** The Debtor submits the following provisions that vary from the Local Plan Form, Sections (A) through (G):

    **(1)** Saxon Mortgage ("Saxon") is the holder of a 3rd position lien against the residence of the Debtors' that is wholly unsecured. The holder of the 1st Deed of Trust, also Saxon, has a claim for approximately $253,876.00. Upon appraisal, Debtors assert the value of the real property to be $184,000.00. As a result, Debtor will file a motion to avoid Saxon's second position lien. Any secured claim filed by such creditor shall receive no distribution until the creditor files an unsecured claim or an amended proof of claim that reflects any balance remaining on the claim.

    **(2)** Green Tree Mortgage ("Green Tree") is the holder of a 4th position lien against the residence of the Debtors' that is wholly unsecured. The holder of the 1st Deed of Trust, Saxon Mortgage, has a claim for approximately $253,876.00. Upon appraisal, Debtors assert the value of the real property to be $184,000.00. As a result, Debtor will file a motion to avoid Green Tree's lien. Any secured claim filed by such creditor shall receive no distribution until the creditor files an unsecured claim or an amended proof of claim that reflects any balance remaining on the claim.

    **(3)** Star Valley HOA ("Star Valley") is the holder of a 2nd position lien against the residence of the Debtors' that is wholly unsecured via its second lien position after the recorded first mortgage under A.R.S. 33-1256(B)(2). The holder of the 1st Deed of Trust, Saxon, has a claim for approximately $253,876.00. Upon appraisal, Debtors assert the value of the real property to be $184,000.00. As a result, Debtor will file an Adversary Proceeding to avoid Star Valley's lien. Any secured claim filed by such creditor shall receive no distribution until the creditor files an unsecured claim or an amended proof of claim that reflects any balance remaining on the claim.

(K) **Plan Summary.** If there are discrepancies between the plan and this plan analysis, the provisions of the confirmed plan control.

    (1)    Administrative Expenses:. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 3,324.00
    (2)    Priority Claims.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 25,097.17
        a.  ADOR........................ $ 4,010.78
        b.  IRS............................. $ 21,086.39
    (3)    Prepetition Mortgage or Lease Arrears or to Cure Defaults, Including Interest . . . . . . . . . . . . . . . $ 0.00
    (4)    Ongoing Post-Petition Mortgage Payments.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00
    (5)    Secured Personal Property Claims, Including Interest.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00
    (6)    Amount to Unsecured, Nonpriority Claims.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 558.83
    (7)    Trustee's Compensation (10% of Debtor's Payments). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 3,220.00
    (8)    Total Plan Payments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 32,200.00

(L) **Section 1325 analysis.**

    (1)    Best Interest of Creditors Test:
        (a)    Value of debtor's interest in nonexempt property. . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00
        (b)    Plus: Value of property recoverable under avoiding powers.. . . . . . . . . . . . . . . . . . $ 0.00
        (c)    Less: Estimated Chapter 7 administrative expenses                    $ 0.00
        (d)    Less: Amount payable to unsecured, priority creditors. . . . . . . . . . . . . . . . . . . . . . . . $ 0.00
        (e)    **Equals:** Estimated amount payable to unsecured, nonpriority claims
                if debtor filed Chapter 7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

Paragraph (2) to be completed by debtors whose current monthly income exceeds the state's median income.

    (2)    Section 1325(b) Analysis:
        (a)    Amount from Line 59, Form B22C, Statement of Current Monthly Income. . . . . . . . . . $ 0.00
        (b)    Applicable Commitment Period. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . x 60
        (c)    Section 1325(b) amount ((b)(1) amount times 60). . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 0.00

(M) **Estimated Payment to Unsecured, Nonpriority Creditors Under Plan**. . . . . . . . . . . . . . . . . . . . . . . . $ 558.83


Dated: May 21, 2010.


  /s Ronald Flores                                         /s Francisca Flores
Ronald Flores, Debtor                                Francisca Aida Flores, Debtor


  /s/ Ross K. Meiners
Ross K. Meiners,
Meiners Law Office, PLC
Attorney for DebtorS